ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 13, 2004

The Honorable Leticia Van de Putte, R. Ph.        Opinion No. GA-0133
Chair, Veteran Affairs and Military Installations
Texas State Senate                                Re: Whether a certain promotional campaign
P.O. Box 12068                                    violates chapter 40 of the Business and
Austin, Texas 78711-2068                          Commerce Code, the Contest and Gift
                                                  Giveaway Act (RQ-0080-GA)

Dear Senator Van de Putte:

You ask whether a certain promotional campaign violates chapter 40 of the Business and
Commerce Code, the Contest and Gift Giveaway Act.[1]

I.        **Background**

Your questions pertain to a used car sales business's promotional campaign. A marketing
firm hired by the business mails promotional materials to "10,000 individuals within a particular
metropolitan area." Request Letter, *supra* note 1, at 1. The promotional materials state

> that the individuals receiving such promotional materials, which
> include a sealed envelope with a key inside, can . . . win a car if the
> individuals come to the dealership on the date listed in the
> promotional materials and try the key in the ignition of such vehicle.
> If the key starts the engine, the individual wins the vehicle.

*Id.* The promotional materials further state, "'Do not remove key from the envelope unless you are
in the presence of a sales associate.'" *Id.* The promotional materials also provide the date and the
time of the sales event. *See id.*

You inform us that on the day of the event, "numerous individuals appear at the sales location
of the used auto sales business to test their keys in the 'prize vehicle.'" *Id.* The business responds
to the individuals who arrive with keys by asking them if they are interested in purchasing a used
vehicle:

---

[1]*See* Letter from Honorable Leticia Van de Putte, R. Ph., Chair, Veteran Affairs and Military Installations, Texas
State Senate, to Honorable Greg Abbott, Texas Attorney General (July 15, 2003) (on file with Opinion Committee)
[hereinafter Request Letter].

> The individuals are then requested to register with agents of the used auto sales business prior to testing their keys in the "prize vehicle." Upon determining that their keys, in fact, do not "match" the "prize vehicle," the agent for the used car sales business asks whether such agent can escort the individuals around the sales lot so as to look at other vehicles which the used car sales business has for sale.

*Id.* None of the keys presented on the day of the event match the "prize vehicle," and no "prize vehicle" is awarded to any individual. *Id.* Further, no drawing is held to award the "prize vehicle" to one of the individuals who attended the event and registered with the used car sales business. *Id.* A month following the event, the business sells the "prize vehicle" at its retail value. *Id.*

You ask several questions about the promotional campaign's legality under chapter 40 of the Business and Commerce Code, the Contest and Gift Giveaway Act (the "Act"), which regulates advertising and other promotional programs whereby a person is offered a gift or a chance to win a prize as an inducement to attend a sales presentation. *See id.* at 2. Under the Act, the term "gift" means "an item of value that is offered, transferred, or given to a person as an inducement to attend a sales presentation but that is not offered, transferred, or awarded by chance through a contest." TEX. BUS. & COM. CODE ANN. § 40.003(a)(5) (Vernon 2002); *see also id.* § 40.035(b) ("An item of value offered as an inducement to a person to attend a sales presentation constitutes a gift unless the item qualifies as a prize offered, transferred, or given through a contest."). A "prize," on the other hand, means "an item of value that is offered, awarded, or given to a person through a contest." *Id.* § 40.003(a)(12); *see also id.* § 40.003(a)(1) (defining "contest"). Subchapter B regulates using a gift as part of an advertising plan or program. *See id.* §§ 40.031-.036. Subchapter C regulates using a contest or drawing as part of an advertising plan or program. *See id.* §§ 40.061-.067.

Subchapter C includes special rules for "matched contests," which are a subcategory of contests. *See id.* § 40.003(a)(7) (defining "matched contest"). For example, section 40.065 requires, among other things, that each major prize to be awarded in a "matched contest" must be identified on the entry form and must be awarded within a year either in the contest or by a drawing from names of the individuals who have attended the sales presentation. *Id.* § 40.065; *see also id.* § 40.003(a)(6) (defining "major prize" to mean "a prize that has an actual unit cost to the offeror of at least $250"). Further, section 40.066 prohibits certain conduct in connection with a matched contest, including, for example, "misrepresent[ing] the rules or terms of participation in a contest," *id.* § 40.066(a)(8), and requires a person using a matched contest to make certain disclosures, *see id.* § 40.066(b).

A person who violates the Act commits a criminal offense. *See id.* § 40.121. In addition, a violation of the Act is a deceptive trade practice and is actionable under the Deceptive Trade Practices-Consumer Protection Act (the "DTPA"), which is set forth in chapter 17, subchapter E of the Business and Commerce Code. *See id.* § 40.122; *see also id.* §§ 17.41-.63 (DTPA). You ask six questions about the Contest and Gift Giveaway Act; you do not ask whether the promotional campaign violates any other law, such as the DTPA, which may impose additional limitations on the business's conduct. *See* Request Letter, *supra* note 1, at 2.

## II.    Analysis

### A.    Whether the Promotional Campaign Involves a "Matched Contest"

First, you ask whether the promotional campaign you describe is a "matched contest" governed by section 40.065 of the Business and Commerce Code. *See* Request Letter, *supra* note 1, at 2. In order to answer this question, we must necessarily answer your third and fourth questions, which are "[w]hether the facts set forth herein would constitute a matched contest" and "[w]hether the key . . . would constitute a winning number." *Id.*

The Act defines a "matched contest" as

> a *contest* in which:
>
> (A) *winning numbers* are preselected, printed on an entry form, and distributed to the public; and
>
> (B) the numbers on the entry form are subsequently matched with the list of *winning numbers* at a sales location to determine prize eligibility.

TEX. BUS. & COM. CODE ANN. § 40.003(a)(7) (Vernon 2002) (emphasis added). The Act also defines the term "contest." *See id.* § 40.003(a)(1). A matched contest is a contest that uses "winning numbers" to award prizes. *See id.* § 40.003(a)(7). The Act provides that the term "winning number" "includes a letter or other identifying symbol." *Id.* § 40.003(a)(14).

Under these definitions, a matched contest involves matching numbers, letters, or symbols that are printed on an entry form with numbers, letters, or symbols contained on a list. *See id.* § 40.003(a)(7). Because they must be printed on an entry form and contained on a list, these numbers, letters, or symbols must be written. A key is not a number, letter, or other identifying symbol that may be printed on an entry form or written on a list and therefore is not a "winning number."

As we understand the scenario you describe, the business distributes car keys to recipients who then use the keys to attempt to start the prize vehicle. The business says it will award the prize vehicle to the person who presents the key that starts the vehicle. *See* Request Letter, *supra* note 1, at 1. The business does not preselect winning numbers, letters, or other identifying symbols that it prints on an entry form (which could include the written promotional materials, the sealed envelope, and any written information on the key itself, *see* part II. C, *infra* pp. 4-5), nor does the business match any such numbers, letters, or other identifying symbols to winning numbers, letters, or other identifying symbols. Because the business does not use numbers, letters, or other identifying symbols to award prizes, the promotional campaign is not a matched contest as defined by the Act. Furthermore, because the promotional campaign is not a matched contest, section 40.065 of the Business and Commerce Code does not apply to it.

Given this conclusion, we need not answer your sixth question. *See* Request Letter, *supra* note 1, at 2 ("Whether, if the factual scenario set forth herein does constitute a violation of a matched contest as set forth in Chapter 40 of the Business and Commerce Code, appropriate damages should be the actual value of the vehicle in question (the 'prize vehicle').").

**B.      Whether the Promotional Materials Constitute an "Entry Form"**

Second, you ask "[w]hether promotional materials, with sealed keys, which were received by targeted individuals would constitute an entry form as set forth in section 40.003(a)(4) of the Business and Commerce Code." *Id.* at 2.[2] The Act uses the term "entry form" as an element of the term "matched contest," *see* TEX. BUS. & COM. CODE ANN. § 40.003(a)(7) (Vernon 2002), and in provisions governing matched contests, *see id.* §§ 40.006(a)(2), 40.065-.066. We answer this question, however, because it is not conditioned on an affirmative answer to your first question.

Section 40.003 defines the term "entry form" to mean "a card, letter, entry blank, token, or similar device that identifies a contestant by:  (A) name; (B) number, letter, or symbol; or (C) both name and number, letter, or symbol." *Id.* § 40.003(a)(4). Because this definition includes within its scope a "token" or "similar device," the term "entry form" is not limited to traditional printed material like cards or letters. To be an entry form, however, the item must identify the contestant by (i) name or by (ii) number, letter or symbol, or both. As we have discussed, a key itself is not a number, letter, or symbol that would identify a contestant, as these terms suggest information that may be written. But a key could be labeled with written information.

It is not clear from the information you have provided whether any of the promotional materials mailed by the business, which would include the written materials, the sealed envelope, or written information on the key, identifies the recipient by name or by number, letter, or symbol. If any such item does identify a recipient by name or by number, letter, or symbol, then it may constitute an "entry form" within the Act's definition.

**C.      Whether the Promotional Campaign Involves a "Sales Presentation"**

In addition, you ask "[w]hether the statements made by the used auto sales business as set forth herein would constitute a solicitation to execute a contract that obligates a consumer to purchase goods or services as set forth in section 40.003(13) of the Business and Commerce Code, so as to constitute a 'sales presentation.'" Request Letter, *supra* note 1, at 2 (question 5). The term "sales presentation" is an element of the term "contest." *See* TEX. BUS. & COM. CODE ANN. § 40.003(a)(1) (Vernon 2002). The Act also uses the term in provisions governing gift giveaways, matched contests, and contests. *See, e.g., id.,* §§ 40.006, 40.035, 40.064-.066.

---

[2]Although you inform us that the business's agents register key-holders before "testing their keys in the 'prize vehicle,'" Request Letter, *supra* note 1, at 1, you have not asked whether such registration generates an "entry form" within the meaning of the Act.

Under the Act, "sales presentation" means "a transaction or occurrence in which a consumer is solicited to execute a contract that obligates the consumer to purchase goods or services as defined by Subchapter E, Chapter 17," the DTPA. *Id.* § 40.003(a)(13).[3] Under the DTPA, "goods" means "tangible chattels or real property purchased or leased for use" and "services" means "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* § 17.45(1)-(2). A used car is a good within the meaning of this definition. However, the promotional materials you describe, enclosing a sealed key and informing recipients of their chance to win a car at a certain time and place, do not appear to solicit consumers to execute a contract. *See* Request Letter, *supra* note 1, at 1. You also state that the business asks people who come to its premises in response to the promotional materials whether they are interested in buying a used car and that an "agent for the used car sales business asks whether such agent can escort the individuals around the sales lot so as to look at other vehicles which the used car sales business has for sale." *Id.* The facts you describe do not indicate whether any agent, in showing a car in connection with the promotional campaign, may have solicited a consumer to execute a contract that would have obligated the consumer to purchase a used car.

Thus, in answer to your specific question, the statements made by the used auto sales business described in your letter do not appear to constitute a "sales presentation." Whether the promotional campaign you describe actually included sales presentations is a question of fact beyond the purview of an attorney general opinion.

### D.    Whether the Promotional Campaign Otherwise Violates the Act

Although your first question specifically asks whether the promotional campaign involves a matched contest and your other questions ask about particular provisions, you also ask more generally in your first question whether the promotional campaign violates the Act. *See* Request Letter, *supra* note 1, at 2 (question 1).

In addition to imposing specific limitations on matched contests, the Act regulates contests. *See* TEX. BUS. & COM. CODE ANN. § 40.003(a)(1) (Vernon 2002) (defining "contest"), (7) (defining "matched contest"). For example, the subchapter C limitations imposed by sections 40.062 through 40.064 govern the conduct of those offering a prize in a "contest," as opposed to just a "matched contest." *See id.* §§ 40.061 (Subchapter C "applies to a person who uses a contest as part of an advertising plan or program."), 40.062 (prohibiting offeror from requiring a person to pay consideration for a prize), 40.063 (prohibiting offeror from requiring a person to purchase a good or service unrelated to the prize to receive a prize), 40.064 (requiring offeror to disclose certain information); *see also id.* § 40.003(a)(10) ("'Offeror' means a person who solicits a person to attend a sales presentation."), (12) ("'Prize' means an item of value that is offered, awarded, or given to a person through a contest."). Similarly, record-keeping requirements found in subchapter D apply to "a person who uses a contest as part of an advertising plan or program," *id.* § 40.091, and therefore

---

[3]This definition also specifically includes within its scope a timeshare interest or membership interest. *See* TEX. BUS. & COM. CODE ANN. § 40.003(a)(13)(A)-(B) (Vernon 2002).

are not limited to those who use matched contests. *See also id.* §§ 40.092, 40.094-.095 (contest record requirements).

Under the Act, the term "contest" means "a promotional device" in which:

> (A) a person is offered, as an inducement to attend a sales presentation, a chance to win or receive a prize by complying with specified entry requirements;
>
> (B) the chance to win any prize is determined by random selection; and
>
> (C) all offered prizes are awarded.

*Id.* § 40.003(a)(1).

We cannot definitively determine whether the promotional campaign constitutes a "contest" based on the facts you have provided. As we have explained, we cannot determine whether the business offers a person a chance to win a car by complying with specified entry requirements as an inducement to attend a sales presentation. *See* Part II. C, *supra* pp. 4-5. Furthermore, it is not clear from the facts set forth in your letter whether a chance to win the car is determined by random selection. *See* Request Letter, *supra* note 1, at 1.

## S U M M A R Y

A car key does not constitute a "winning number" under chapter 40 of the Business and Commerce Code, the Contest and Gift Giveaway Act. *See* TEX. BUS. & COM. CODE ANN. § 40.003(a)(14) (Vernon 2002). For this reason, a promotional campaign pursuant to which a used car sales business distributes keys and offers to award a car as a prize to the person whose key starts the car does not constitute a "matched contest" under the Act. *See id.* § 40.003(a)(7). If any of the promotional materials mailed by the business (including the written materials, the sealed envelope containing the key, or written information on the key) identifies the recipient by name or by number, letter, or symbol, then the item may constitute an "entry form" under the Act. *See id.* § 40.003(a)(4). The determination whether a particular promotional campaign involves sales presentations or constitutes a contest within the meaning of the Act would require factual inquiry beyond the purview of an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee